Thelma McCLELLAN, Appellant,

v.

Ernest FORD, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1966.

James Levin, Hanish & Hanish, Louisville, for appellant.

Thomas G. Mooney, Jones, Ewen, Mac-Kenzie & Peden, Louisville, for appellee.

MONTGOMERY, Judge.

The question is whether Thelma McClellan was a fare-paying passenger when she suffered injuries while riding in the car of Ernest Ford in Indiana. Summary judgment was granted in favor of Ford from which the appeal is taken.

The Indiana Guest Statute, Acts 1937, Chapter 259, Section 1, Page 1229, being Section 47–1021, Burns' 1952 Replacement, is as follows:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are cause by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

Appellant received her injuries when appellee's car collided with a truck in Jeffersonville, Indiana, on March 8, 1963. They had been living together as husband and wife since January 1963 in Clarksville, Indiana, in a house bought by appellee. They had planned to be married in May 1963 if appellee could obtain permission from his parole officer. While they were living together appellant had been doing the house-

work, including washing, ironing and cooking. Appellee had supported her by providing food, clothing, shelter, and entertainment.

Appellee was a barber. Appellant had done some babysitting and during the two months' period she had earned $17, of which she had given appellee $5. He had spent $2 of this for gasoline four days before the accident.

On the morning of the accident appellee was taking appellant to the place where she was to babysit. The weather was clear, cold, and sunny. Prior to leaving home appellee had cleaned an area of frost from his windshield "about as big as a windshield wiper would." The accident occurred about three and one-half blocks from his house. As his car turned a corner it faced directly toward the sun. Appellee became blinded and his car collided with a truck, thereby causing appellant's injuries. He was driving about twenty to twenty-five miles per hour.

 Appellant relies on Allison v. Ely, Ind., 159 N.E.2d 717, a decision of the Indiana Appellate Court, which was reversed by the Indiana Supreme Court in Allison v. Ely, 241 Ind. 248, 170 N.E.2d 371. The elements which distinguish a guest riding without payment for such transportation from a passenger for hire and the authorities governing are fully discussed in the latter opinion. Therein it was said:

> "The purchase of a few gallons of gasoline by appellee-Ely did not constitute 'payment' for his transportation from Oxford, Ohio, to his home in Illinois. The payment of $1.80 for gasoline and the alleged benefits listed by appellee-Ely did not directly compensate either the driver or the owner of the automobile in a substantial or material manner. "

Recovery was denied the passenger because he was not a fare-paying passenger. The same result was reached in Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342, wherein a guest statute with identical language was construed. See also Anno., 10 A.L.R.2d 1351. The result reached by the trial court here was correct.

 There is no merit in the argument that appellee's conduct was "willful" or "wanton." Bedwell v. De Bolt, 221 Ind. 600, 50 N.E.2d 875; Brown v. Saucerman, 237 Ind. 598, 145 N.E.2d 898; Reynolds v. Langford, 241 Ind. 431, 172 N.E.2d 867. Equally lacking in merit is the contention that summary judgment should not have been granted because there was a material issue of fact. The facts were not in dispute and the trial court properly construed the Indiana statute as applying to the facts of the case.

Judgment affirmed.